IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

SACRED HEART HEALTH
SYSTEMS, INC., et al.,
    Plaintiffs,

v.                                              Case No. 3:07cv62/MCR/EMT

HUMANA MILITARY HEALTHCARE
SERVICES, INC.,
    Defendant.
_____/

## ORDER CONCERNING DISCOVERY DISPUTES

    Seven discovery disputes have been referred to the undersigned United States Magistrate Judge in the above-styled case.  In the court's experience, the great majority of discovery disputes arise out of (1) a failure to grasp, or a rejection of, the law, including procedural rules, or the facts, (2) lack of professionalism, (3) lack of civility, (4) refusal to extend common courtesy to a fellow professional (and therefore to the court), (5) bad faith on the part of one or both parties, or (6) a combination of the above.  <u>Indeed, it is **very rare** for this court to see a truly justiciable discovery issue requiring thoughtful consideration and resolution by the court</u>.  As the instant discovery disputes appear to be of the great majority, counsel will be required to follow the procedure set forth below in an attempt to resolve the disputes.  In short, counsel is advised that before bringing a discovery dispute to the court, they must exhaust every possibility of resolution, and they may incur significant financial consequences if they do not prevail in their position.

    Accordingly, the parties are **ORDERED** to proceed as follows:

    1.    In an order issued the same date as this order, the non-moving party (i.e., Defendant) has been directed to respond to a series of discovery motions by a date certain (hereinafter referred to as the response date).  However, <u>prior to the response date</u>, the parties (i.e., lead counsel or

attorneys with full authority to make decisions) shall be required to <u>personally meet</u> or to <u>confer telephonically</u> (i.e., no faxes, e-mails, or voice-mail messages back and forth) in a good-faith effort to resolve the dispute. <u>The parties are strongly urged to resolve this matter without further intervention of the court</u>.[1]

2.   If the parties are able to <u>completely resolve</u> the issues raised in the discovery motion, on or before the response date the moving party shall file a notice with the court indicating that the matter has been resolved. If the matter is fully resolved, the court may or may not ask for briefs on the appropriateness of sanctions. If the parties are unable to completely resolve the dispute, the non-

---

[1]The court notes that the parties have made some efforts to resolve this matter without court intervention (*see, e.g.*, Doc. 112 at 3) (describing the parties' efforts, including meeting in person to discuss these matters). However, it is clear to this court that many of Defendant's objections, including for example "[Defendant] objects to this interrogatory as overbroad, overburdensome, vague, and ambiguous. Subject to, and without waiving, . . . [Defendant] responds to this interrogatory as follows" (*see* Doc. 112 at 4–5, 8, 11, 14, 17, 21) and "[Defendant] objects to this interrogatory . . . as unreasonably burdensome and not reasonably calculated to lead to the discovery of admissible evidence" (*see* Doc. 109 at 3) and "[Defendant] objects to this interrogatory as vague and ambiguous" (*see* Doc. 108 at 3, 6, 8, 9), are boilerplate objections, which essentially carry no weight in this court. Moreover, Defendant answers are provided "subject to" its objections throughout its responses (*see* Docs. 106, 107, 108, 109, 110, 111, 112).

First, Magistrate Judge Miles Davis recently published an article in *The Summation*, a publication of the Escambia/Santa Rosa Bar Association, forewarning lawyers practicing in this district that such boilerplate-type objections are not looked upon favorably. *See* Miles Davis, <u>One Judge's Approach to the Problem of Discovery Abuse in Civil Cases</u>, *The Summation*, at pp. 7, 13 (October 2007) (explaining that Judge Davis uses an order he refers to as "draconian, with demanding deadlines and the requirement that lawyers actually take time out of their busy practices to meet face to face, rather than by e-mail filtered through their intermediaries, and to look seriously at their discovery practice . . . [because] the process works . . . [and] [t]he results have been almost miraculous"); *see also* http://www.flnd.uscourts.gov/attorneys/publication_order_davis.pdf (sample of Judge Davis' discovery advisory order). Thus, unless Defendant has specific, well founded, and well thought-out objections to Plaintiffs' requests, Defendant would be well advised to solve this matter by agreement with Plaintiffs.

Second, if an objection to a discovery request is raised, and then the question is answered "subject to" or "without waiving" the objection, Defendant should not expect the court to sustain such an objection down the road. This seems to be an increasingly common approach to discovery, but it raises a fairly straightforward question: if a party objects to a question or request but then answers, has the objection been waived despite the claimed reservation of the objection? This court cannot logically conclude that the objection survives the answer. First, the rules do not on their face give a party that option. For example, Rule 33(b)(1), relating to interrogatories, states: "Each interrogatory shall be answered separately and fully in writing under oath, unless it is objected to, in which event the objecting party shall state the reasons for objection and <u>shall answer to the extent the interrogatory is not objectionable</u>" (emphasis added). Similarly, Rule 34(b), relating to requests for production, provides that a responding party shall state in writing what documents will be produced, and that if objection is made, any documents not objected to will be produced. Rule 36(a), relating to requests for admission, contains substantially the same language. Thus, a responding party is given only two choices: to answer or to object. Objecting but answering subject to the objection is not one of the allowed choices. Second, although the practice is common, the only reported decision this court has found that directly addresses the question is <u>Meese v. Eaton Mfg. Co.</u>, 35 F.R.D. 162, 166 (N.D. Ohio 1964), which held that "[w]henever an answer accompanies an objection, the objection is deemed waived, and the answer, if responsive, stands." *See also*, Wright, Miller & Marcus, Federal Practice and Procedure: Civil § 2173: "A voluntary answer to an interrogatory is also a waiver of the objection." Third, answering subject to an objection lacks any rational basis. There is either a sustainable objection to a question or request or there is not. What this response really says is that counsel doesn't know for sure whether the objection is sustainable, that it probably is not, but thinks it is wise to cover all bets anyway, just in case. In this court, however, no objections are "reserved" under the rules; they are either raised or they are waived.

Case No. 3:07cv62/MCR/EMT

moving party shall file a response as directed by this court's separate order. The response shall indicate which issues, if any, were resolved during the intervening attorney conference. Any issue that remains in dispute will be decided by the court.

3.  If the court is required to resolve any part of the discovery matter, the prevailing party, who will be determined by the court, will be awarded costs and expenses, including, but not limited to: (1) the time required to personally confer with opposing counsel, (2) the time required to file its discovery motion or response, and, if necessary, prepare for, travel to, and attend any hearing on the motion, and (3) the actual costs incurred for court reporting, travel, sustenance and/or accommodations for a hearing on the motion (if applicable). The costs will be paid by the non-prevailing attorney and not charged to the client unless counsel provides written proof that the client insisted on proceeding in the discovery matter against counsel's advice.

So **ORDERED** this 30th day of November 2007.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**