**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION**

**SACRED HEART HEALTH SYSTEM, INC.,
ST. VINCENT'S HEALTH SYSTEM, INC.,
SOUTHERN BAPTIST HOSPITAL OF FLORIDA, INC.**
d/b/a Baptist Medical Center and Wolfson Children's Hospital,
**BAPTIST MEDICAL CENTER OF THE BEACHES, INC.**
d/b/a Baptist Medical Center Beaches,
**BAPTIST MEDICAL CENTER OF NASSAU, INC.**
d/b/a Baptist Medical Center Nassau,
**OUR LADY OF THE LAKE HOSPITAL, INC.**
d/b/a Our Lady of the Lake Regional Medical Center, and
**PHOEBE PUTNEY MEMORIAL HOSPITAL,
INC.**,
on their own behalf and on behalf of all
**CLASS MEMBERS** similarly situated,

      **Plaintiffs,**

                **Class Representation
                Case No. 3:07cv62/MCR**

**v.**

**HUMANA MILITARY HEALTHCARE
SERVICES, INC.,**

      **Defendant**.
_____/

**O R D E R**

   In this diversity action the plaintiff health care systems and hospitals ("plaintiffs") individually and as a class, assert breach of contract claims against defendant Humana Military Health Services, Inc. ("defendant"); individually, plaintiff Sacred Heart Health System, Inc., also sues defendant for fraud in the inducement. On May 30, 2008, the court heard oral argument on defendant's pending "Motion for Summary Judgment on Florida

Claims" and its "Motion for Partial Summary Judgment on Louisiana Claims."[1]  At issue in the motions is whether there is any basis under state or federal law to toll the state statute of limitations for the plaintiffs' individual claims.[2]  Given the imminence of the class certification hearing that is scheduled in this matter for June 16–18, 2008, the court now considers and rules on defendant's motions, as follows.

The court first addresses defendant's motion for summary judgment on plaintiffs' individual "Florida claims."  Defendant argues that absent tolling – which it asserts is unavailable here – these claims are barred under Florida's five-year limitations period for contract claims.  Fla. Stat. § 95.11(2)(b).  This motion is DENIED.

Sitting in Florida in the instant diversity case, this court must act as if it were a court of the State of Florida, applying Florida law. See Coastal Petroleum Co. v. U.S.S. Agri-Chemicals, 695 F.2d 1314, 1319 (11th Cir. 1983).  The court first notes that, unlike many other states, Florida has not adopted a "savings statute," pursuant to which a plaintiff whose case has been dismissed other than on the merits may pursue the action even though the statute of limitations has run.  HCA Health Services of Florida Inc. v. Hillman, 906 So.2d 1094, 1098 (Fla. 4th DCA 2004).  Section 95.051(1)(a)-(h) of the Florida

---

[1] The instant motions are brought pursuant to Fed.R.Civ.P. 56 and former Fed.R.Civ.P. 23(d)(4); following recent revisions to the latter rule, largely in form only, the substance of Rule 23(d)(4) now appears in Rule 23(d)(1)(D).  Defendants also filed four other Rule 23(d)(4) motions to strike plaintiffs' class allegations which, at the May 30th proceeding, the court denied without prejudice.  The matters remaining for disposition at this time therefore pertain only to the motions brought under Rule 56 to dismiss the individual claims of the Florida and Louisiana plaintiffs.

[2] The court will not detail the lengthy procedural history of this matter, with which the parties are well-familiar.  For purposes of this order, it is sufficient to identify the two previously filed actions, Baptist Hospital Inc. v. Humana Military Healthcare Services, Inc. ("Baptist Hospital"), Case No. 3:02cv317/LAC, and Board of Trustees of Bay Medical Center v. Humana Military Healthcare Services ("Bay Medical Center"), Case No. 5:03cv144/MCR, and to note these cases involved essentially the same breach of contract claim as asserted here against the same defendant.  In short, plaintiffs in this case, as in the prior cases, assert that defendant contractually agreed with each of them to pay for certain outpatient healthcare services using a specified percentage of billed charges or flat rates.  According to plaintiffs, defendant breached these agreements when it began limiting payment to the lesser of the contracted rates or an amount under the physicians' CMAC Fee Schedule for services rendered beginning on or about October 1,1999.  Also, as in this case, both of the prior actions asserted class allegations.  The Baptist Hospital and Bay Medical Center cases were each dismissed when the parties advised the court that settlements had been reached, which was prior to any decisions by the court on class certification.

Statutes sets forth an exclusive list of eight conditions that can "toll" the running of the statute of limitations. The statute further provides that no other condition can toll the statute. Fla. Stat. § 95.051(2). See Major League Baseball v. Morsani, 790 So.2d 1071, 1075 (Fla. 2001) (stating that § 95.051 "delineates an exclusive list of conditions that can 'toll' the running of the statute of limitations."). None of the conditions listed in § 95.051(1)(a)-(h) exists in this case.[3] Accordingly, application of § 95.051 does not toll the statute of limitations for the Florida claims. The court is nonetheless persuaded that equitable tolling principles apply here to permit plaintiffs' individual Florida claims to proceed.

In Tenney v. City of Miami Beach, 11 So.2d 188 (Fla. 1942), the Supreme Court of Florida explained that "[t]he very purpose of a class suit is to save a multiplicity of suits, to reduce the expense of litigation, to make legal processes more effective and expeditious, and to make available a remedy that would otherwise not exist." Id. at 189. Florida and other jurisdictions have established class action rules to effectuate these purposes. See Fla.R.Civ.P. 1.220. The Fourth Circuit Court of Appeals, in Wade v. Danek Medical, Inc., 182 F.3d 281, 287 (4th Cir. 1999), observed that many states have also adopted equitable tolling rules based on American Pipe & Construction Co. v. Utah, 414 U.S. 538, 554, 94 S.Ct. 756, 38 L.Ed.2d 713 (1974) (holding that "the commencement of a class action suspends the applicable statute of limitations as to all asserted members of the class who would have been parties had the suit been permitted to continue as a class action.") (footnote omitted). The adoption of such rules is "not particularly surprising," the Fourth Circuit commented, where the state's class action rule is similar or virtually identically to the federal class action rule.[4] Id. at 287. This is true because "a state has a similar

---

[3] The court does not accept plaintiffs' argument that tolling should apply pursuant to § 95.051(1)(f) (tolling the limitations period where "[t]he payment of any part of the principal or interest of any obligation or liability founded on a written instrument."). The remittances made by defendant did not constitute partial payments but rather the full amount defendant contends was owed; this provision of § 95.051 therefore does not apply.

[4] The American Pipe rule is consistent with the purpose of statutes of limitations, which is to guarantee defendants fair and timely notice of "the substantive claims being brought against them" and "the number and generic identities of the potential plaintiffs." American Pipe, 414 U.S. at 555.

interest in applying equitable tolling during the pendency of a class action in its own courts as does the federal government in applying equitable tolling during the pendency of a class action in federal court: namely, serving the purpose of the state's class action rule . . . by deterring `protective' filings of potentially redundant individual suits during the pendency of a class action that may ultimately resolve those suits, and thereby promoting the efficiency and economy of the state's class action procedures." Id. at 286-87.  Because Florida's class action rule is modeled after the federal class action rule, see Fla.R.Civ.P 1.220 and Fed.R.Civ.P. 23, presumably the same purposes animate both. Consequently, it may be concluded that Florida has a similar interest in equitably tolling class actions in order to promote the efficiency and economy of its class action procedures.[5]

Because Florida statutory law does not provide for tolling of the instant claims, the court must decide whether, in light of the purposes behind permitting class actions as well as the controlling Florida legal precedent, Florida courts would apply the equitable tolling rule of American Pipe in this class action suit that also raises individual state law claims. In undertaking this analysis, the court first observes that Tenney and American Pipe identify similar purposes behind the respective forum's class action rule.  The court also recognizes that no Florida court has refused to apply American Pipe; indeed, the Eleventh Circuit has noted "[t]here is no dispute that American Pipe has been followed in Florida

---

In Crown, Cork & Seal Co. v. Parker, 462 U.S. 345, 350, 103 S.Ct. 2392, 76 L.Ed.2d 628 (1983), the Court rejected the contention that the American Pipe rule was limited to intervenors, holding that the rule also applied to purported members of the class who later file individual suits. Subsequently, the Supreme Court further instructed that when examining a state's statute of limitations federal courts should determine whether the federal procedural interest in assuring the efficiency and economy of class actions has been vindicated. Chardon v. Fumero Soto, 462 U.S. 650, 661, 103 S.Ct. 2611, 2618, 77 L.Ed.2d 74 (1983). The federal interest may be satisfied "as long as each unnamed plaintiff is given as much time to intervene or file a separate action as he would have under a state savings statute applicable to a party whose action has been dismissed for reasons unrelated to the merits, or, in the absence of a statute, the time provided under the most closely analogous state tolling statute." Id.

[5] Thus, while Florida's interest in enforcing its statute of limitations undoubtedly is significant, the state also has a significant interest under Rule 1.220 in assuring the orderly and proper prosecution of class action litigation. In that regard, the court notes that many of the plaintiffs are Florida residents, and the contracts at issue, which apparently were entered into in Florida, involve the delivery of health care services to Florida residents. Additionally, plaintiffs allege that the class may include as many as three hundred members; prosecuting this number of cases individually would seem to be contrary to Florida's interest in the efficient management of its judicial resources. See Tenney, 11 So.2d at 189.

Case No. 3:07cv62/MCR

state courts." Raie v. Cheminova, Inc., 336 F.3d 1278, 1282 (11th Cir. 2003). The court must also recognize, however, that only two Florida decisions actually cite American Pipe by name. See Hromyak v. Tyco Intern. Ltd., 942 So.2d 1022 (Fla. 4th DCA 2006) (affirming trial court's conclusion in shareholder's suit brought pursuant to federal securities statutes that under the holdings of American Pipe and Crown, Cork class action tolling did not apply); and Latman v. Costa Cruise Lines, N.V., 758 So.2d 699 (Fla. 3rd DCA 2000) (rejecting argument that as a prerequisite to maintaining a class action each member must have submitted a written claim in accordance with limitations period outlined on ticket; the contractual provision could be satisfied or compliance excused as to the class plaintiffs).

Of the two Florida cases that have cited American Pipe, Hromyak has little persuasive value here. While clearly applying the rule of American Pipe in the class action context, the court did so for purposes of a federal statute of limitations only. In Latman, however, the Third District Court of Appeal concluded that class members need not have submitted claims individually in order to meet the contractual prerequisite for suit under Florida law, citing in support Kornberg v. Carnival Cruise Lines, Inc., 741 F.2d 1332, 1336-37 (11th Cir. 1984), which relies on American Pipe for the proposition that "the filing of a class action . . . commences the suit for the entire class for the purpose of the statute of limitations whether or not each member of the class is cognizant of the action." Latman, 758 So.2d. at 704; see also Tenney, 11 So.2d at 189 (observing that ["w]hen the court permits a class suit to be brought or defended by one or more of the class, it necessarily follows that absent parties are properly represented and are bound by the decree."). Thus Latman is more persuasive in the instant analysis because it applies the reasoning of American Pipe to claims implicating the Florida statute of limitations.

Latman is also noteworthy because it illustrates how class action plaintiffs in Florida are treated differently than traditional non-class plaintiffs for purposes of a limitations period. Indeed, as a general matter, class action suits under both federal and Florida law operate to the benefit of the plaintiffs in certain circumstances and to their detriment in others, due simply to the plaintiffs' inclusion in the class. The difference in equitable treatment of class action plaintiffs for purposes of a federal statute of limitations is perhaps

best illustrated by the American Pipe line of cases. See American Pipe, Crown, Cork, and Chardon, supra. The same equitable principles followed in those cases have also been applied in the class action context by the Supreme Court of Florida in at least two cases to avoid the state statute of limitations for individual class members, although the Florida cases do not specifically enunciate those principles or cite the U.S. Supreme Court cases. In Engle v. Liggett Group, Inc., 945 So.2d 1246, 1277 (Fla. 2006), the court authorized the plaintiffs to proceed individually upon remand after decertification of the class provided their action was filed within one year of the issuance of the court's mandate. Similarly, in Lance v. Wade, 457 So.2d 1008, 1011 (Fla. 1984), the court held that members who had relied on a class action should be entitled to proceed individually and would not be subject to statute of limitations or laches defenses if the new action was commenced within a "reasonable time" after remand.[6] As noted, in neither case did the Supreme Court of Florida mention American Pipe or its progeny or equitable tolling. Nonetheless, based on the treatment afforded the putative class plaintiffs in the Engle and Lance, this court concludes that the doctrine of common law equitable tolling as outlined in American Pipe appears to have been effectively applied in Florida, even though not identified by that specific rubric. In short, while in Engle and Lance the Supreme Court of Florida neither expressly used the term "equitable tolling" nor cited American Pipe, the effect of its rulings

---

[6] In Lance, the Supreme Court of Florida quashed the decision of the Third District Court of Appeal that had affirmed the trial court's entry of judgment upon a jury verdict in favor of class members on their action in fraud. As noted, recognizing that the members of the class apparently had relied on the cause of action, the Supreme Court permitted the class members to commence individual actions upon remand. The court did not, however, identify the legal doctrine on which it based granting this permission.

Insofar as this court can determine, there is no rationale other than equitable tolling to explain the Lance court's decision to permit the class members to avoid having their claims barred by the statute of limitations. See Major League Baseball, 790 So.2d at 1076-77 (discussing legal theories that may "operate to deflect the statute of limitations, such as accrual, tolling, equitable tolling, and waiver.") (footnotes omitted). In any event, without question the same principles of fairness that seem to have motivated the Lance court to apply equitable tolling to the claims of the class members are equally compelling with respect to the claims of the Florida plaintiffs here and therefore dictate the same result under Florida law.

Case No. 3:07cv62/MCR

was to equitably toll the statute of limitations so that the putative class members could pursue individual claims in spite of § 95.051.[7]

Given the Supreme Court of Florida's de facto application of equitable tolling in both Engle and Lance, this court is persuaded that under Florida law equitable tolling should apply to permit plaintiffs' individual Florida claims to go forward.[8]  Because the same purposes underlie both the Florida and the federal class action rules, American Pipe's reasoning should apply with equal force here.[9]  Moreover, the particular facts of the instant

---

[7] The court notes that in HCA Health Services, the Fourth District Court of Appeal indicated that other than in the context of an administrative proceeding Florida courts have not applied common law equitable tolling in civil cases. HCA Health Services, 906 So.2d at 1098-99 (discussing Machules v. Department of Administration, 523 So.2d 1132 (Fla. 1988)).  HCA Health Services is not, however, a class action case and, as noted above, class actions are treated differently under Florida law.  See Tenney, 11 So.2d at 189.  Also, the court may not have been alerted to the implications of Lance when it issued its decision in HCA Health Services, and of course Engle had not yet been decided at that time.

[8] Defendant submits that equitable tolling should not be available here because the prior actions at issue were voluntarily dismissed; also, defendant complains that the same plaintiffs' counsel have been involved in each of the three cases.  Moreover, defendant submits, "stacking" of prior actions to toll the statute of limitations for a subsequent class action has been expressly disallowed by the Eleventh Circuit and would reward plaintiffs who have unfairly controlled the course of litigation to their adversaries' disadvantage.

The court is not persuaded by defendant's arguments on the present motions.  It is true that the Eleventh Circuit has disapproved of the serial filing of class actions in an effort to obtain a favorable ruling on class certification, a practice also known as "piggybacking" or "stacking."  See Griffin v. Singletary, 17 F.3d 356, 359-60 (11th Cir. 1994).  The Eleventh Circuit has further noted, however, that "[i]nsofar as the individual claims are concerned, putative class members should be entitled to rely on a class action as long as it is pending."  Id. at 359.  In this case, regardless of the voluntary nature of the dismissal of the Baptist Hospital and Bay Medical Center actions or the fact that plaintiffs' counsel might have been involved in those cases, because no ruling on class certification was made in either case this court concludes that  the statute of limitations continues to be tolled.  Id.  That conclusion notwithstanding, the court notes that while American Pipe applies to toll plaintiffs' individual claims, the Eleventh Circuit has clearly stated that one class action may not be piggybacked onto another to toll the statute of limitations indefinitely for purposes of subsequent class actions.  Griffin, 17 F.3d at 359 (agreeing with courts of appeals that have concluded that "the pendency of a previously filed class action does not toll the limitations period for additional class actions by putative members of the original asserted class.").  The court expresses no opinion at this time as to whether and to what extent the fact that no certification ruling was made in either Baptist Hospital or Bay Medical Center may affect the viability of the class claims in the present case.

[9] While both Senger Bros. Nursery, Inc. v E.I. Dupont de Nemours & Co., 184 F.R.D. 674 (M.D. Fla. 1999), and In re Vitamins Antitrust Litigation, 183 Fed.Appx. 1 (D.C. Cir. 2006), refuse to permit equitable tolling based on Florida law during the pendency of a class action, neither case acknowledges Engle or Lance.  Additionally, In re Vitamins Antitrust Litigation involves cross-jurisdictional issues.  Cases involving cross-jurisdictional tolling provide less justification for tolling because the second jurisdiction likely has little interest "in furthering the efficiency and economy of the class action procedures of another jurisdiction, whether those of the federal courts or those of another state"; cross-jurisdictional tolling rules may subject the second jurisdiction to "a flood of subsequent filings once a class action in another forum is dismissed, as forum-shopping plaintiffs from across the country rush . . . to take advantage of its cross-jurisdictional tolling

case support such a finding. As in the prior Baptist Hospital and Bay Medical Center cases, the sole defendant is Humana Military Healthcare Services, Inc. Also, the breach of contract claims asserted in all three cases by the plaintiffs – all of whom are institutional health care providers who entered into contracts with Humana – are based on essentially the same factual allegations. The court thus concludes that the class action claims and the class descriptions alleged in the Baptist Hospital and Bay Medical Center cases were sufficient to put defendant on notice of the contractual claims alleged in the prior actions and to inform defendant of the number and "generic identities" of the institutional health care provider plaintiffs. American Pipe, 414 U.S. at 554-55.

Even if Florida law provided no relief to the plaintiffs in this case, this court nonetheless would be obliged to apply American Pipe here, given the "strong federal interest" articulated by the Supreme Court in that case in ensuring "'the efficiency and economy of the class-action procedure.'" Adams Public School Dist. v. Asbestos Corp., Ltd., 7 F.3d 717, 718 (8th Cir. 1993) (not relying on the American Pipe doctrine because an intervening change in state law permitted reviving public building asbestos claims but noting the court nevertheless "view[ed] the federal interest here as sufficiently strong to justify tolling in a diversity case when the state law provides no relief."); see also In re General American Life Ins. Co. Sales Practices Litigation, 391 F.3d 907, 915 (8th Cir. 2004) (stating that "the federal interest in 'the efficiency and economy of the class-action procedure' outweighs any state interest and therefore justifies tolling in diversity cases where the otherwise-applicable state law provides no relief."). Indeed, the very lack of statutory or equitable relief under Florida law compels this conclusion under the circumstances of this case. Accordingly, for all of the foregoing reasons, as a matter of law the court DENIES defendant's motion for summary judgment on plaintiffs' individual Florida claims in its entirety.

---

rule"; and cross-jurisdictional tolling can render a state's "limitations period effectively dependent on the resolution of claims in other jurisdictions, with the length of the limitations period varying depending on the efficiency (or inefficiency) of courts in those jurisdictions." Wade, 182 F.3d at 287. In this case, the Baptist Hospital and Bay Medical Center cases were both brought in Florida and thus cross-jurisdictional class action tolling is not an issue here.

Case No. 3:07cv62/MCR

In the alternative, assuming that neither state law nor <u>American Pipe</u> would apply to equitably toll plaintiffs' individual Florida claims, the court concludes that defendant's motion for summary judgment should be granted in part and denied in part.  The contracts at issue are divisible, resulting in the potential for multiple breaches to occur in connection with specific payments under the contract by defendant.  Therefore, because plaintiffs' individual Florida claims arising prior to February 5, 2002, would be time-barred under Fla. Stat. § 95.11(2)(b), the motion for summary judgment should be GRANTED as to those claims.  Claims arising on or after February 5, 2002, would not be barred by the statute, however, and thus the motion for summary judgment should be DENIED as to them.

Defendant also moves for partial summary judgment on plaintiffs' individual "Louisiana claims" on the ground the claims are time-barred under Louisiana's three-year prescriptive period for contract claims.  La. Civ. Code Ann. art. 3494.  This motion is also DENIED.

Louisiana law governs the tolling issue before the court pertaining to plaintiff Our Lady of the Lake. <u>Cambridge Mut. Fire Ins. Co v. City of Claxton, Ga.</u>, 720 F.2d 1230 (11th Cir. 1983).  In <u>Smith v. Cutter Biological</u>, 770 So.2d 392 (La.App. 4 Cir. 2000), the court recognized "the fact that normally the filing of a suit in a court of competent jurisdiction interrupts prescription" and cited with approval <u>American Pipe</u> as the leading case on the issue of class action tolling, in particular cross-jurisdictional class action tolling.  Given "Louisiana's expansive class action tolling doctrine," <u>In re Vioxx Products Liability Litigation</u>, 522 F.Supp.2d 799, 811 n. 12 (E.D.La. 2007), this court concludes that Louisiana law provides for tolling of plaintiff Our Lady of the Lake's individual breach of obligation claims. Additionally, the court concludes that a genuine issue of fact exists with respect to the first date that defendant submitted payment to plaintiff Our Lady of the Lake Hospital under the

new method of computing payment.¹⁰   For these reasons, defendant's motion for partial summary judgment on the individual Louisiana claims is DENIED.

It is therefore ORDERED:

1. Defendant's "Motion for Leave to File Additional Legal Authority" (doc. 203) is GRANTED to the extent the court has considered the arguments contained therein; the motion is DENIED insofar as defendant seeks leave to file a supplemental brief.

2. Defendant's "Motion for Summary Judgment on Florida Claims" (doc. 64) is DENIED.

3. Defendant's "Motion for Partial Summary Judgment on Louisiana Claims" (doc. 97) is DENIED.

**DONE and ORDERED** this 9th day of June, 2008.

*s/ M. Casey Rodgers*
**M. CASEY RODGERS
UNITED STATES DISTRICT JUDGE**

---

¹⁰ Given these reasons for denying defendant's motion, the court need not proceed further in its summary judgment analysis.  Nevertheless, it briefly notes that defendant appears to be correct that the Baptist Hospital action was dismissed January 23, 2007, rather than January 27, 2007.  The impact these four days might have on plaintiff Our Lady of the Lake's claims is not dispositive of this plaintiff's entire case, however.  In light of the divisible nature of the agreement at issue, each payment made by defendant may be seen as constituting a separate breach of obligation and thus as providing a separate basis for recovery.