UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

**SACRED HEART HEALTH SYSTEM, INC.,**
et. al.,

        **Plaintiffs**

vs.                                                    No.:  3:07cv62MCR/EMT

**HUMANA MILITARY HEALTHCARE
SERVICES, INC.,**

        **Defendant.**

## SPECIAL MASTER'S ORDER and REPORT AND RECOMMENDATION

     Pursuant to the Court's Order Appointing Pretrial Special Master, a telephonic conference was convened on Friday, May 20, 2011.  The conference was requested by Humana Military Healthcare Services, Inc. ("Humana Military") pursuant to Paragraph 5.N.i of the Order on Discovery and Pretrial Plan [Doc. 376].  J. Nixon Daniel, III, Esq. and Russell Van Sickle, Esq. participated for Plaintiffs.  K. Lee Blalack, II, Esq., Benjamin G. Bradshaw, Esq., Daniel L. Cantor, Esq., and William T. Buffaloe, Esq. participated for Humana Military.

     After considering the emails and papers submitted by the parties prior to the hearing and after hearing the arguments of counsel, the following actions are taken:

     1.     The parties state that Humana Military's Motion to Compel filed May 19, 2011 should be excluded from any mandatory meet and confer order because the parties have exhausted efforts to resolve by agreement the disputes involved in

1

that motion. [Doc. 400]. Accordingly, that motion will be dealt with in accordance with Paragraph 5.N.iii of the Order on Discovery and Pretrial Plan except as noted below. Nonetheless, the undersigned directs counsel to attempt to resolve and/or narrow the discovery issues involved in that motion at the time of the meet and confer conference as ordered below.

2. Counsel for Humana Military have volunteered to travel to Pensacola to engage in a face-to-face meet and confer discovery conference with counsel for Plaintiffs. I was advised during the telephonic hearing that no such face-to-face meet and confer discovery conference has taken place in this case.

3. Plaintiffs resist such a face-to-face conference and insist that it will be a waste of time unless Plaintiffs receive beforehand a "clear and concise statement of the asserted deficiencies or objections [to its discovery responses] and the requested action." *Manual for Complex Litigation Fourth* §11.424 (2004). I respectfully disagree with Plaintiffs on the extent of pre-conference notice required.

I have viewed enough emails, letters and discovery papers passing to and from adversary counsel to know that Plaintiffs should have a reasonably good idea of many of the questions they will be asked at the meet and confer conference. In any event, prior to this conference, Humana Military shall provide Plaintiffs' counsel with as much timely notice as is possible regarding the inquiries Humana Military is likely to make. Such a face-to-face conference will, in the long run and if conducted in good faith, expedite discovery and save the parties' time and expense.

2

> Avoiding formal motions in discovery disputes…forces attorneys to narrow and simplify the dispute rather than to elaborate on it in a brief….
>
> Often, the appropriate resolution becomes self-evident during the course of the conference. Even if informal presentation does not resolve a dispute, it can help to define and narrow it for further proceedings.

*Manual for Complex Litigation Fourth* §11.424 (2004). Whatever notice Humana Military is able to give Plaintiffs prior to June 7 regarding information sought will be sufficient and it shall not be grounds for cancelling or delaying the conference that Plaintiffs may believe the notice is insufficient or in some manner lacking.

Plaintiff's counsel are not being ordered to "sit for a deposition" as they say; rather, counsel are to meet and confer in good faith in an effort to resolve their discovery disputes and questions without intervention of the Special Master or the Court. Counsel should agree to what should be agreed to and serve a proposed agreed order within ten (10) days of the meet and confer conference for my signature. The Agreed Order shall set out what was agreed to, what remains in dispute, and what is to be done as follow up to the conference.

The meet and confer conference is hereby set to begin at **9:00 a.m. local time** on **Tuesday, June 7, 2011** in **Pensacola, Florida** at a location mutually agreeable to counsel. I will leave the length of the meeting to the discretion of counsel as officers of the Court, but I expect a full work day to be reserved by counsel.

3

Counsel are reminded that the Court has ordered the following: "Counsel shall use their best efforts to resolve all discovery disputes without intervention of the Special Master or the Court." Order on Discovery and Pretrial Plan, ¶5.N. [Doc. 376]. See also F.R.Civ.P. 26(g) (attorney certification of discovery requests, responses and objections and sanctions for improper certification).

4. Humana Military's Motion to Compel discovery exceeds the Court's 20-page brief limitation. Order on Discovery and Pretrial Plan, §5.N.iii [Doc. 376]. I will not strike it, but counsel shall conform to the Order in the future. Also, it does not contain the required Rule 37(a)(1) certification. Nonetheless, the June 7, 2011 meet and confer ordered herein shall satisfy the meet and confer requirement.

5. Pursuant to the Order on Discovery and Pretrial Plan, ¶3, the undersigned may not alter the deadlines set therein, which were set by the Court, but I may report and recommend on alteration of deadlines. I recommend that the Court extend Plaintiff's deadline for responding to Humana Military's Motion to Compel discovery filed May 19, 2011 to fourteen (14) days after the Agreed Order following the June 7 meet and confer conference is entered on the Court's docket. I realize that the parties have expressed the view to me that they are at an impasse over the issues raised in Humana Military's Motion to Compel [Doc. 400].[1]

---

[1] I told counsel during the May 20 hearing that since they claimed to be at impasse, Humana Military's Motion to Compel discovery would be handled pursuant to ¶5.N.iii of the discovery Order. It will be, but that does not preclude ordering counsel to try and resolve or at least narrow the issues in the Motion at the June 7 meet and confer conference. I have reconsidered my comments during the May 20 hearing that discussion of the merits of this Motion at the meet and confer would not be productive. After further deliberation, I have changed my mind. All I can ask is that the merits of the

4

Nonetheless, I direct that they include in their discussions on June 7 the issues raised in Humana Military's Motion to Compel discovery and that the parties make a good faith effort to resolve or at least narrow the issues raised therein. During the May 20, 2011 telephonic hearing counsel told me that they had never met face-to-face to try and work out discovery issues. I know that some of the issues raised in the Motion to Compel discovery can be worked out face-to-face meeting, if both sides prepare for the meeting and participate in good faith. It is mostly a matter of better communication when persons speak face-to-face and not in emails, letters or over the telephone. If, as a result of the meeting, one side of the other agrees to follow up with requested action, so much the better. Mr. Daniel, speaking for Plaintiffs, stated during the May 20 hearing that the June 7 conference "it's going to be nothing more than us sitting down and writing down questions that Humana has and then going back to the clients and asking them about those particular things." In my view, if that is a part of the June 7 conference, so much the better. Communication will be enhanced and clarification will result.

6. Summary and Recommendation to the Court.

A. A meet and confer discovery conference is hereby set to commence at **9:00 a.m. in Pensacola, Florida on Tuesday, June 7, 2011** at a location to be determined by agreement. Counsel most familiar with

---

Motion to Compel (which contains core issues in this lawsuit) be discussed along with other discovery issues by counsel acting in good faith to resolve as many disputes as possible without Court intervention. Often face-to-face discussions result in break throughs which are not possible during telephone conversations or by writing letters.

5

discovery in this case are to attend and they are to reserve a full work day for the meeting (9:00 a.m. to 5:00 p.m.).

B. A proposed Agreed Order setting out what was agreed to, what remains in dispute and what is to be done in follow-up shall be emailed to me for my signature and entry within ten (10) days of the close of the conference.

C. The undersigned <u>recommends to the Court</u> that Plaintiffs' response to Humana Military's Motion to Compel [Doc. 400] not be due until fourteen (14) days after the Agreed Order described in B, just above, is entered on the Court's docket. [2]

Respectfully submitted,

*/S/ ROBERT P. MURRIAN*
**ROBERT P. MURRIAN**
**SPECIAL MASTER**

---

[2] Any objections, motions to adopt or modify shall be filed in accordance with ¶D of the order Appointing Pretrial Special Master [Doc. 346].

**CERTIFICATE OF SERVICE**

I hereby certify that on this 23rd day of May, 2011, a copy of the foregoing Order was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. mail. Parties may access this filing through the Court's electronic filing system.

*/S/ ROBERT P. MURRIAN*
Robert P. Murrian, Special Master
Reeves, Herbert & Murrian, P.A.
2607 Kingston Pike, Suite 130
Knoxville, Tennessee 37919
(865) 540-1977