UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

**SACRED HEART HEALTH SYSTEM,
INC., et al.,**

    Plaintiffs,

vs.                       CASE NO.: 3:07CV00062/MCR/EMT

**HUMANA MILITARY HEALTHCARE
SERVICES, INC., a Delaware corporation,**

    Defendant.

## REPORT AND RECOMMENDATION

Pursuant to the Court's Order on Discovery and Pretrial Plan filed January 31, 2011, the undersigned may issue a report and recommendation regarding altering the deadlines set forth in that Order.  [Doc. 376, ¶3].  A telephonic hearing was conducted on December 7, 2011 and the proceedings were taken down by a court reporter.  J. Nixon Daniel, III, Esq., John F. Windham, Esq. and Russell F. Van Sickle, Esq. participated for Plaintiffs and K. Lee Blalack, Esq., Benjamin Bradshaw, Esq. and Scott Edson, Esq. participated for Humana Military Healthcare Services, Inc. ("Humana Military").

After hearing the arguments of counsel and after considering their written submissions, the undersigned finds that good cause has been shown to modify the Court's Order on Discovery and Pretrial Plan.  ["Discovery and Pretrial Plan"].

1

Plaintiffs requested an "emergency" hearing by email dated December 6, 2011 in regard to 108 depositions noticed by Humana Military for the period December 15 through 22, 2011. The depositions were noticed for multiple states in the Southeast and as far away as California and Nevada. The parties are operating under the constraint that fact discovery must be concluded by January 27, 2011. Discovery and Pretrial Plan [Doc. 376 at ¶5.H].

If the depositions go forward as noticed, the deposing attorneys and witnesses likely will not have the discovery materials in hand which are necessary to conduct a full and complete examination of the witnesses. This situation can be alleviated if the Court modifies its Discovery and Pretrial Plan as follows:

> 5. DISCOVERY
> H. Fact discovery shall conclude on March 2, 2012 (the current deadline is January 27, 2012).
> I. Motions to Compel shall be filed not later than March 5, 2012 (the current deadline is December 28, 2011).
> J. Expert disclosures shall be disclosed by April 13, 2012 (the current deadline is March 15, 2012).
> K. Rebuttal expert reports shall be disclosed by May 14, 2012 (the current deadline is April 16, 2012).
> L. Expert depositions shall be taken by June 1, 2012 (the current deadline is May 15, 2012).
> M. Daubert and/or dispositive motions shall be filed not later than June 15, 2012 (the current deadline is May 31, 2012).
> Responses to Daubert and/or dispositive motions shall be filed not later than June 29, 2012 (the current deadline is June 14, 2012) and any reply memoranda by July 6, 2012 (current deadline – June 21, 2012).
> The Court's reserved hearing date of July 30, 2012 through August 1, 2012, would not change under the parties' joint proposal.

      7.    PRETRIAL PLAN
      A. The parties meet and confer for a trial plan and trial schedule would take place on May 4, 2012 (the current deadline is April 16, 2012).
      B. The parties' shall submit proposed trial plans and schedules to the Special Master not later than May 18, 2012 (the current deadline is April 30, 2012).
      C. The in-person meeting with the Special Master shall take place by June 8, 2012 (the current deadline is May 21, 2012).
      D. The Special Master's proposed trial plan and trial schedule to the Court shall be submitted not later than June 29, 2012 (the current deadline is June 11, 2012).

The parties' joint proposal does not suggest a change to the October 2012 trial docket.

The parties have agreed to these modifications and I find that good cause has been shown for making such modifications because: (1) the necessary discovery likely will be available for use at the time the depositions in question are taken, (2) if the depositions are taken without such information available, the deponents likely cannot be fully examined and there may be calls to retake depositions, (3) the modification of the Court's Discovery and Pretrial Plan will allow for a more orderly, less burdensome discovery process and (4) the Court's hearing dates and trial calendar will not be affected.[1]

---

[1] I will handle the issue of the 108 noticed, non-party December depositions in a separate Order. If the relief requested herein is granted, I believe that the parties and the undersigned will have a much better chance to complete discovery and trial preparation in an orderly and efficient manner.

It is therefore recommended that the Court's Discovery and Pretrial Plan be amended as set forth above. It is also respectfully suggested that the Court act on this Report and Recommendation without waiting the normal twenty-one (21) days. Fed. R. Civ. P. 53(b)(2)(D). The parties have authorized me to advise the Court that no objections will be filed to this Report and Recommendation. Time is of the essence, the twenty-one (21) day wait is not necessary and the interests of justice will be better served if the Court acts without waiting the normal 21 days.

Respectfully submitted this 8th day of December, 2011.

/s/ ROBERT P. MURRAIN
Robert P. Murrian, Special Master

**CERTIFICATE OF SERVICE**

I hereby certify that on this 8th day of December, 2011, a copy of the foregoing Report and Recommendation was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. Mail. Parties may access this filing through the Court's electronic filing system.

/s/ ROBERT P. MURRIAN
Robert P. Murrian, Special Master
Reeves, Herbert & Murrian, P.A.
2607 Kingston Pike, Suite 130
Knoxville, Tennessee  37919
(865) 540-1977

4