IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

SACRED HEART HEALTH SYSTEM,
INC., et al.,

    Plaintiffs,

v.                                              Case No. 3:07cv62MCR/EMT

HUMANA MILITARY HEALTHCARE
SERVICES, INC., a Delaware corporation,

    Defendant.
_____/

## **ORDER**

On Wednesday, April 11, 2012, the court held a status conference with counsel regarding the schedule set forth in the court's Order on Discovery and Pretrial Plan (doc. 376), as amended. All parties agreed that modifications to the schedule are appropriate, and a new scheduling order will be issued by separate order. All parties also agreed that it would be beneficial to stay the current pretrial and discovery schedule and toll all deadlines until mediation can occur between the parties.[1] The court therefore will refer this matter to United States Magistrate Judge Gary Jones for a mediation, which will be

---

[1] This litigation has a long history in this court. As a result, the undersigned is very well acquainted with the facts and circumstances of the case, including the contractual relationships at issue, and thus strongly believes that the settlement potential of the case would be significantly enhanced by the participation of TMA official(s) in the scheduled mediation. It is well understood that Humana intends to pursue legal claims against TMA should Humana suffer a judgment in this case, and thus it seems rather obvious that TMA has a tangible interest in a pretrial resolution of the case. It also seems clear that TMA has an interest in the parties avoiding the numerous jury trials that are surely to take place absent a settlement, particularly in light of the substantial disruption this would cause to those TMA officials called to testify, etc... Although the undersigned has no authority to require TMA, as a nonparty, to appear and participate in the mediation, the undersigned would be remiss if she did not at least encourage TMA's participation, given the distinct possibility that the likelihood of reaching a global settlement at the mediation may be greatly diminished absent the participation of TMA official(s).

conducted at the United States Courthouse in Pensacola, Florida, on May 7 and 8, 2012.[2]

Accordingly, all discovery efforts and current deadlines are hereby STAYED. This matter is referred to the assigned United States Magistrate Judge Gary Jones for a settlement conference, pursuant to 28 U.S.C. §636(b) and N.D. Fla. Loc. R. 72.3, to be completed on May 7 and 8, 2012, beginning at 9:00 a.m. (Central Time), unless a different time is set by order of Magistrate Judge Jones. The parties are instructed to notify Susan Simms, the undersigned's courtroom deputy, at least two weeks prior to mediation of any special needs, such as video conferencing.[3]

**DONE AND ORDERED** this 13th day of April, 2012.

*M. Casey Rodgers*
**M. CASEY RODGERS**
**CHIEF UNITED STATES DISTRICT JUDGE**

---

[2] The undersigned has conferred with Magistrate Judge Jones and confirms that he has agreed to serve in this capacity and that he has reserved these dates on his calendar for this purpose.

[3] Ms. Simms may by contacted by calling 850-470-8125.

*Case No:* 3:07cv62/MCR/EMT